UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER C.,

          Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

**DECISION AND ORDER**

1:21-CV-00257 EAW

## INTRODUCTION

Represented by counsel, plaintiff Jennifer C. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 5; Dkt. 7). For the reasons discussed below, Plaintiff's motion for judgment on the pleadings (Dkt. 5) is granted to the extent that this matter is remanded for further proceedings. The Commissioner's motion for judgment on the pleadings (Dkt. 7) is denied.

**BACKGROUND**

Plaintiff protectively filed her application for DIB on July 1, 2018. (Dkt. 4 at 19, 86).[1] In her application, Plaintiff alleged disability beginning June 1, 2017. (*Id.* at 19, 233). Plaintiff's application was initially denied on October 29, 2018. (*Id.* at 19, 101-12). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Janice Barnes-Williams on April 1, 2020. (*Id.* at 34-85; *see id.* at 113-14). On April 29, 2020, the ALJ issued an unfavorable decision. (*Id.* at 16-33). Plaintiff requested Appeals Council review, and her request was denied on December 16, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

**LEGAL STANDARD**

**I.   District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation

---

[1]   When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria

of a Listing and meets the durational requirement, *id*. § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## **DISCUSSION**

### I.     **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2024. (Dkt. 4 at 21). At step one, the ALJ determined that Plaintiff had engaged in substantial gainful work activity from September 10, 2018, to the time of her decision, April 29, 2020. (*Id.*). The ALJ further determined that there had been a continuous 12-month period during which

Plaintiff did not engage in substantial gainful activity and addressed her remaining findings to that period. (*Id.* at 22).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: fibromyalgia; bilateral knee osteoarthritis, status/post right knee arthroscopy; and obesity. (*Id.*). The ALJ also found that Plaintiff suffered from the non-severe impairments of "right ear conductive hearing loss, status/post nasal surgery, atrial fibrillation, hypertension, ovarian cysts, ovarian fibroids, and gastrointestinal issues with heavy menses." (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 22-24). The ALJ particularly considered the criteria of Listings 1.02, 14.06, and 14.09, as well as the effects of Plaintiff's obesity pursuant to Social Security Ruling 19-2p, in reaching her conclusion. (*Id.* at 23-24).

Before proceeding to step four, the ALJ determined that, "during the period when [Plaintiff] was not performing substantial gainful activity, from June 1, 2017, to September 9, 2018, Plaintiff retained the RFC to "lift and carry 20 pounds occasionally and 10 pounds frequently" with the following additional limitations:

> [Plaintiff] could stand and/or walk for up to four hours in an eight-hour workday. She could sit for up to six hours in an eight-hour workday. She needed to be able to alternate between sitting and standing every 30 minutes for a 3 to 5 minutes period to adjust positions without leaving her workstation. She could occasionally climb ramps and stairs. She could never climb ladders, ropes, or scaffolds. She could occasionally stoop or crouch, but never kneel or crawl. She could frequently reach overhead. [Plaintiff] could frequently handle and finger. She needed to avoid extreme cold and wet weather conditions. She could occasionally be exposed to humidity. She could be exposed to no more than moderate noise. She needed to avoid

excessive vibration and unprotected heights.

(*Id.* at 24).

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a Service Coordinator as generally performed and a Funds Transfer Clerk as both actually and generally performed. (*Id.* at 27). At step five, the ALJ relied on the testimony of a vocational expert ("VE") to alternatively determine that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of non-governmental mail clerk, office helper, and checker I. (*Id.* at 28). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 29).

## II.     Remand for Further Proceedings is Warranted.

Plaintiff asks the Court to reverse the Commissioner's decision and remand for additional administrative proceedings, arguing that: (1) the ALJ improperly substituted her lay opinion in place of the medical opinion evidence—in particular, that the ALJ did not explain the lack of an accommodation for Plaintiff's irritable bowel syndrome ("IBS"); and (2) the ALJ improperly discounted rheumatologist Dr. Rajitha Mallela's medical opinion for lack of objective findings. (Dkt. 5-1 at 9). For the reasons discussed below, the Court finds that the ALJ did not provide a sufficient evidentiary basis for the Court to determine her reasoning in not including a limitation in the RFC regarding Plaintiff's gastrointestinal issues, and remand is warranted on this basis.

### A. RFC Finding

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ is required to consider a claimant's non-severe impairments in assessing the RFC. 20 C.F.R. §404.1545(a)(2); *see also Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (holding that the ALJ erred by not taking restrictions into account in RFC where the ALJ found that functional limitations were mild and only minimally affected plaintiff's ability to work).

An ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id*. However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from "playing doctor" in the sense that an ALJ may not substitute his own judgment for competent medical opinion. This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (quotation and citation omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted). The Court's review of the evidence presented to the ALJ is limited to whether the RFC findings

assessed are supported by substantial evidence, which is "more than a mere scintilla" and consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation marks and citations omitted).

In this case, the ALJ determined that Plaintiff's "gastrointestinal issues with heavy menses . . . did not cause more than minimal limitations in [Plaintiff's] ability to perform basic work activities." (Dkt. 4 at 22). The ALJ further determined that Plaintiff had managed her non-severe impairments, including her gastrointestinal issues "with conservative treatments like medication and Lupron shots[.]" (*Id.*). In support of this determination, the ALJ cited to a large number of medical records. (*Id.*). The records cited indicate that Plaintiff sought treatment for gastrointestinal symptoms intermittently from 2009 to 2020. Because the cited medical records appear in a string citation without explanatory information as to the cited evidence's relationship to the listed impairments, the Court cannot determine which, if any, of these records the ALJ relied upon to determine that Plaintiff successfully managed her gastrointestinal conditions such that a limitation in the RFC was not warranted.

Indeed, some of the cited records appear at odds with the proposition that Plaintiff managed symptoms of her gastrointestinal conditions. For example, the ALJ's opinion cites to page 5 of exhibit 2F, a letter dated April 3, 2017, from Gastroenterology Associates, LLP, which indicates that Plaintiff suffered from gastrointestinal symptoms as early as 2009 and continued to do so as of the date of the letter. (*Id.* at 397). This record reports that Plaintiff was taking Levsin which "helps with her [gastrointestinal] symptoms." (*Id.* at

429). This record and others cited in the ALJ's opinion indicate that Plaintiff suffered from gastrointestinal issues, including IBS, during the time she was not engaged in substantial gainful activity and afterward. (*Id.* at 22 (citing *id.* at 431 (June 22, 2017), 628 (January 11, 2020), 632 (January 10, 2020), 660 (recommending "follow up with GI" in report dated December 10, 2019))).

Additionally, in determining that Plaintiff retained the capacity to engage in light work notwithstanding her medically determinable impairments, the ALJ found partially persuasive the opinion of consultative examiner Dr. Hongbao Liu. (*Id.* at 27). In his report, Dr. Liu diagnosed Plaintiff with a history of IBS and diverticulitis, and opined that Plaintiff "may experience interrupted scheduled activity secondary to [IBS]." (*Id.* at 562). The ALJ acknowledged that Dr. Liu so opined. (*Id.* at 22). However, the RFC determination does not include any limitation related to such interruptions, nor any explanation for failing to include such limitations. The ALJ also found the other medical opinions of record unpersuasive. (Dkt. 4 at 26-27). Due to the lack of explanation and failure to rely upon any other medical opinion of record, it is not clear to the Court what evidence the ALJ relied on in differing from Dr. Liu's opinion and declining to assess any accommodation for Plaintiff's IBS or other gastrointestinal impairments. (*See id.* at 26).

To be sure, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits [the Court] to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013). However, although an RFC need not track any medical opinion, "[i]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a

meaningful review," and "[t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 237 (W.D.N.Y. 2019) (citation omitted) (second and third alterations in original). "The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'" *Nicole F. v. Saul*, No. 8:18-CV-760 (DJS), 2019 WL 4736216, at *3 (N.D.N.Y. Sept. 27, 2019) (quoting *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010)). Here, the Court is unable to meaningfully discern how the ALJ reached her conclusion that Plaintiff's IBS/gastrointestinal issues—which the only medical opinion of record to which the ALJ afforded any weight found would cause schedule disruptions—had no impact on her work-related functioning.

Because the ALJ did not build the necessary logical connection based upon the evidence of record, the Court cannot discern from the ALJ's decision the extent to which the assessed RFC is supported by substantial evidence. As a result, the Court is unable to meaningfully review the basis for the ALJ's findings and remands this matter for further administrative proceedings. *See Michelle J. v. Comm'r of Soc. Sec.*, No. 20-CV-01834, 2022 WL 17540647, at *4 (W.D.N.Y. Dec. 8, 2022) ("The ALJ's failure to reconcile the RFC with the opinion he found somewhat persuasive frustrates meaningful review and remand is warranted.").

B. **Plaintiff's Remaining Argument**

As set forth above, Plaintiff has identified an additional argument why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 7) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 5) is granted to the extent this matter is remanded for further proceedings. The Clerk of Court is directed to enter judgment and to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  July 7, 2023
        Rochester, New York